IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |  |
|---|---|---|---|
| RICHARD B. GOLDSTONE and REMI B. GOLDSTONE, | * | | |
| | * | CIVIL NOS.: | WDQ-09-2462 |
| Plaintiffs, | * | | WDQ-09-2463 |
| v. | * | | |
| RAYMOND J. PEROUTKA, | * | | |
| Defendant. | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Richard B. Goldstone and Remi B. Goldstone, *pro se* debtors, have filed separate appeals of the United States Bankruptcy Court's July 28, 2009 award of an injunction and money judgment against Remi Goldstone to Raymond J. Peroutka, the Chapter 11 Trustee. Pending are Peroutka's motions to dismiss those appeals, and the Goldstones' motions to stay execution of judgment and for an extension of time. For the following reasons, the Peroutka's motions will be granted, and the Goldstones' motions will be denied.

I. Background

On December 26, 2007, Peroutka filed an Adversary Proceeding against the Goldstones and 307 Eastern Avenue Limited Partnership for unauthorized transfers of corporate assets and

related claims.  *Peroutka v. Goldstone*, Case No. 07-0995 (Bankr. D. Md. Dec. 26, 2007).[1]  On March 11, 2009, the Bankruptcy Court approved a settlement agreement between Richard Goldstone and Peroutka.  *Id*. at Paper No. 215.  On July 28, 2009, after a hearing on the issues, the Bankruptcy Court (1) ordered judgment against Remi Goldstone for Peroutka in the amount of $643,751.95 plus prejudgment and postjudgment interest, (2) permanently enjoined Remi Goldstone to account for and turn over to Peroutka all property of the Debtors in her custody or control, and (3) denied Remi Goldstone's motion to vacate all previous orders. *Id.* at Paper No. 252.[2]

On September 17, 2009, the Goldstones filed separate notices of appeal in this Court.[3]  On September 25, 2009, the

---

[1]  Richard Goldstone owned Champion Industries, Inc. and Lantam Distributing Co.,Inc. (collectively "the Debtors"). *Peroutka*, Case No. 07-0995 at Paper No. 1 ¶¶ 12, 14 [hereinafter *Bankr. Compl.*].  After the Debtors filed for bankruptcy, Peroutka was appointed Chapter 11 Trustee.  *Id*. ¶¶ 8-12.  The complaint alleges that the Goldstones removed assets and property from the Debtors "with the intent to hinder, delay, or defraud creditors."  *Id*. ¶ 24.

[2]  On September 28, 2009, the Bankruptcy Court denied the Goldstones' motions to stay because "the single sentence contained in each of the [m]otions [was] insufficient to give any substantive basis for the Court to grant the relief requested."  *Id*. at Paper No. 277 at 3.

[3]  *See Goldstone v. Peroutka*, Case No. 09-2462, at Paper No. 1 (D. Md. Sept. 17, 2009)(filed by Richard Goldstone); *Goldstone v. Peroutka*, Case No. 09-2463, at Paper No. 1 (D. Md. Sept. 17, 2009)(filed by Remi Goldstone).

Court ordered the Goldstones to show cause why their appeals should not be dismissed for failure to comply with Bankruptcy Rule 8006.[4] On October 6, 2009, the Goldstones filed their Designation of the Record and Statement of the Issues to be Presented on Appeal and requested an opportunity to correct these filings if the Court found them deficient.[5]

On October 9, 2009, the Court granted the Goldstones a 15-day extension of time to file their appeal briefs.[6] On October 19, 2009, the Goldstones moved to "stay all actions regarding order entering final money judgment and permanent injunction entered July 29, 2009 by the Baltimore Bankruptcy Court" because they needed time to prepare for the November 9, 2009 hearing in another suit.[7] On November 19, 2009, Peroutka filed motions to dismiss the Goldstones' appeals.[8]

---

[4] WDQ-09-2462, Paper No. 2; WDQ-09-2463, Paper No. 2. Rule 8006 requires the appellant to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006.

[5] WDQ-09-2462, Paper No. 3 at 3-4; WDQ-09-2463, Paper No. 3 at 3-4.

[6] WDQ-09-2462, Paper No. 4; WDQ-09-2463, Paper No. 4.

[7] WDQ-09-2462, Paper No. 8 at 1-2; WDQ-09-2463, Paper No. 8 at 1-2.

[8] WDQ-09-2462, Paper No. 9; WDQ-09-2463, Paper No. 9.

II. Analysis

    A.   The Goldstones' Motions to Stay

The Goldstones requested a stay to allow them to prepare for a November 9, 2009 hearing in another case. Because that hearing occurred more than four months ago, there is no reason to delay adjudication of the bankruptcy appeals; the motions to stay will be denied as moot.

    B.   Peroutka's Motion to Dismiss

Peroutka has moved to dismiss the appeals, arguing that the Goldstones have failed to file appeal briefs required by Fed. R. Bankr. P. 8009(a)(1). Despite receiving Rule 12/56 letters,[9] the Goldstones have failed to file oppositions to these motions to dismiss.

Rule 8009(a)(1) required the Goldstones to "serve and file a brief within 14 days after entry of the appeal on the docket." Fed. R. Bankr. P. 8009(a)(1). On October 24, 2009, the Goldstones's 15-day extension of time to file their appeal briefs expired. To date, the Goldstones have not filed any briefs.

Under Local Rule 404.2, the district court may, upon appellee's motion or its own initiative, dismiss a bankruptcy

---

[9] The Rule 12/56 letter is sent to *pro se* parties to advise them that a dispositive motion has been filed and that their failure to respond may result in the entry of summary judgment against them or dismissal of the case. *See, e.g.*, WDQ-09-2462, Paper No. 10; WDQ-09-2463, Paper No. 10.

4

appeal for failure to comply with Rule 8009 "after giving the appellant an opportunity to explain the non-compliance[.]"  D. Md. R. 404.2 (2009).  To dismiss a bankruptcy appeal for procedural error, the Court must:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re SRP Corp.*, 45 F.3d 70, 72, 74 (4th Cir. 1995) (*quoting In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)); *see also In re Weiss*, 111 F.3d 1159, 1172-72 (4th Cir. 1997) (applying same factors in motion to dismiss under Fed. R. Bankr. P. 8009).  A proper application of these factors "normally require[s] the district court to consider and balance *all* relevant factors."  *Id*. at 74 (emphasis added).

Because the Goldstones are *pro se*, a clear understanding of Bankruptcy Procedure should not be imputed to them.  But the Goldstones understood the requirements of Rule 8009, as they cited it in their responses to the show cause order, Paper No. 3, and requested extensions of time to file these briefs, Paper No. 4.

On February 17, 2010, this Court requested that the parties submit memoranda discussing the dismissal of this bankruptcy

appeal for procedural error.[10]  This letter was further notice of Rule 8009's requirements and provided the Goldstones with an opportunity to explain the filing delay.  The Goldstones never responded.

Peroutka has established that the Goldstones's continuing failure to comply with the rules is unreasonable delay that prejudices him.  Paper No. 13 at 4.  As the Chapter 11 Trustee, Peroutka is seeking to enforce the judgment of the Bankruptcy Court and "recover money and property from [the Goldstones]." *Id*.  This delay creates additional legal expense for Peroutka and creates some uncertainty, as he waits for judicial resolution of these appeals.

This Court recognizes that the sanction of dismissal of a bankruptcy appeal for procedural error is harsh and must not be imposed lightly.  *See Serra*, 970 F.2d at 1311.  However, given the Goldstones' continuing failure to pursue their appeals--evidenced by their failure to respond to the motions to dismiss and the Court's letter order--dismissal is appropriate.

---

[10]  WDQ-09-2462, Paper No. 11; WDQ-09-2463, Paper No. 10.

III. Conclusion

For the reasons stated above, the Goldstones' motions to stay will be denied, and Peroutka's motions to dismiss will be granted.

March 24, 2010                                              _____/s/_____
Date                                                            William D. Quarles, Jr.
                                                                     United States District Judge